**Nellie M. PERKINSON, Plaintiff,**

v.

**HOULIHAN'S/D.C., INC., Defendant.**

Civ. A. No. 84–2038.

United States District Court,
District of Columbia.

Aug. 16, 1985.

Thomas W. Kirby, Wiley, Johnson & Rein, Washington, D.C., for plaintiff.

James C. Gregg, D'Ana E. Johnson, Vicki J. Hunt, Stephen G. Huggard, Macleay & Lynch, P.C., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

The Court has considered the appeal of the defendant from the orders of Magistrate Jean F. Dwyer of August 7 and August 14, 1985, the pleadings of counsel and their extended oral arguments. In view of the imminence of the trial (scheduled to begin at 1:45 P.M. on August 19, 1985), it is necessary to proceed expeditiously.

The plaintiff has amply demonstrated that the July 26, 1985 notice to take the deposition of the defendant general manager was necessitated by the testimony adduced by the July 24, 1985 deposition of its former general manager, and that defendant knew that Janet Hoffman was the incumbent general manager. The affidavit testimony about the destruction of documents during Ms. Hoffman's regime alone justified taking her deposition on an emergency basis.

The defendant's challenge to the form of the notice is without merit. As the Notes of the Advisory Committee on Civil Rules with respect to the 1970 amendment of Rule 30(b)(6) state:

> This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed.

Advisory Committee Notes to the 1970 Amendments to Fed.R.Civ.P. 30(b)(6).

Any deficiency in the time allowed the deponent between the original notice and the time of the deposition is completely cured by the elapse of time between the

notice of July 26, 1985 and August 16, 1985. The Magistrate at the hearing on August 1, 1985, and her order of August 7, 1985, extended the time and thereby cured any defect in the timing of the original notice.

The Magistrate was fully authorized to enter the Orders of August 7 and August 14, 1985. *See* 28 U.S.C. §§ 636(b)(1), (3) and (4) (1985); Rule 3–8(a)(1) of the Rules of the United States District Court for the District of Columbia (June 30, 1984). *See also* 28 U.S.C. § 636(e) (1985).

Turning to the August 7, 1985 Order, it provided that "defendant shall make available for deposition its present general manager of the Houlihan's Restaurant in Georgetown by August 16, 1985." Defendant, by counsel, admitted that its general manager went on vacation on or about August 12, 1985, and left no address of which defendant was aware at which she could be reached today, August 16. Counsel was unable to advise the Court of the whereabouts of the general manager except that she was in the State of New York on vacation.

■ It is obvious that defendant failed to comply with the order that it make its general manager available for deposition by August 16, 1985. Defendant's failure to comply with this order is not excused by the provision in the order requiring the plaintiff to provide "not less than 24 hours notice of the deposition's date, time and location." This additional provision in no way relieved defendant of the duty to take the appropriate steps to assure itself of the availability or at least the whereabouts of its general manager in the event that plaintiff gave such notice.

In view of the foregoing, it is concluded that the plaintiff has stated grounds requiring the Court, *sua sponte*, to order the defendant to show cause on or before 3:00 P.M., August 16, 1985, why the defendant should not be found in civil contempt and ordered to pay $5,000 or some other appropriate sum per day beginning August 17, 1985, unless and until the present general manager, Janet Hoffman, of Houlihan's be-

comes available for the deposition at the offices of Wiley & Rein, 1776 K Street, N.W., Washington, D.C., during the day light hours on August 16, 17, 18 or before Noon on August 19, 1985.

The foregoing is without prejudice to plaintiff's application for sanctions pursuant to Fed.R.Civ.P. 37(b)(2), proof and instructions permitting the jury to take adverse inferences from plaintiff's failure to make discovery or such other and further relief as may be indicated.

IT IS SO ORDERED.

## ORDER

■ The Court has held a hearing on its order requiring defendant to show cause why it should not be cited for contempt. In response to that Order, defendant's counsel rested essentially on the arguments made in support of its appeal which were addressed in the Memorandum and Order requiring defendant to show cause.

The Court finds that the order filed August 7, 1985, by Magistrate Jean F. Dwyer required defendant to make its General Manager, Janet Hoffman, available for a deposition by August 16, 1985. Defendant failed to do so. At an August 16 hearing on defendant's appeal from the Magistrate's order, counsel was unable to advise plaintiff's counsel or the Court of Ms. Hoffman's whereabouts.

This disobedience of the August 7 Order requires a conclusion that defendant is in contempt of court. Sanctions are in order to effect compliance with the August 7 Order in time for the trial scheduled August 19, 1985, to vindicate the authority of the Magistrate and the Court and to compensate plaintiff for the inconvenience caused by defendant's intransigence.

Defendant's counsel offered no evidence as to defendant's means to pay any amount assessed to compel compliance. Plaintiff's counsel represented without contradiction that defendant's restaurant served about 250,000 meals per year. Assuming that each customer paid $10, defendant grosses about $2,500,000 per year. A sanction of

$5,000 per day can be expected to be taken seriously by defendant, but is well within its means. Accordingly, it is this 16th day of August, 1985, hereby

ORDERED, ADJUDGED and DE-CREED: that defendant has disobeyed the Magistrate's Order of August 7, 1985, requiring that it make its General Manager available for deposition by August 16, 1985; and it is further

ORDERED, ADJUDGED and DE-CREED: that it pay to plaintiff as damages for civil contempt of court $5,000 for every day beginning August 17, 1985, that Janet Hoffman is not available for a deposition during daylight hours on August 17 or 18 or before Noon on August 19, 1985.